HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RAUL VIRAMONTES, individually and
on behalf of all others similarly situated,

Plaintiff,

v.

MCLANE COMPANY, INC. DBA MCLANE
NORTHWEST, a Texas corporation,

Defendant.

Case No.  3:18-cv-05909-RBL

**STIPULATED MOTION AND ORDER STAYING CASE PENDING WASHINGTON SUPREME COURT'S RESOLUTION OF CERTIFIED QUESTION IN *SAMPSON v. KNIGHT TRANSPORTATION, INC.***

STIPULATED MOTION AND ORDER STAYING
CASE
CASE NO. 3:18-cv-05909-RBL

MILLS MEYERS SWARTLING P.S.
1000 Second Avenue, 30th Floor
Seattle, Washington 98104-1064
T. (206) 382-1000 | F. (206) 386-7343

# RECITALS

**WHEREAS**, on or about October 5, 2018, Plaintiff Raul Viramontes ("Plaintiff") filed a putative Class Action Complaint (the "Complaint") in the Superior Court of the State of Washington in and for Pierce County [Dkt. #1-1];

**WHEREAS**, on November 7, 2018, Defendant McLane Company, Inc. d/b/a McLane Northwest ("Defendant") removed Plaintiff's above-described state court action to this Court [Dkt. #1] invoking the subject matter jurisdiction of this Court under the Class Action Fairness Act ("CAFA"), which the parties agree is properly invoked in this action;

**WHEREAS**, in conjunction with its Notice of Removal of Civil Action [Dkt. #1], and pursuant to LCR 3(g), Defendant filed a Notice of Related Case, identifying *Eilerman v. McLane Company, Inc. dba McLane/Northwest*, W.D. Wash. Case. No. 3:16-cv-05303-BHS (the "*Eilerman* Action"), as a related case previously pending in this District and detailing the class action settlement to which the parties agreed and the Court (Settle, J.) approved in resolving that action [Dkt. #3];

**WHEREAS**, Plaintiff was a settlement class member who participated in the *Eilerman* Action settlement, and, in order to avoid protracted litigation of *res judicata* issues related to the release and settlement class period agreed upon in that approved settlement, Plaintiff irrevocably agrees that the putative class and limitations periods applicable to Plaintiff's individual and putative class action claims that are or may be asserted in *this* action, for all purposes including discovery and should class certification be sought, will commence no earlier than on January 1, 2017, immediately after the end of the release period applicable to the *Eilerman* Action settlement, rather than on October 5, 2015 as alleged in Plaintiff's Complaint [*see* Dkt. #1-1, ¶ 15];

**WHEREAS**, in his Complaint, Plaintiff also alleges that in *Carranza v. Dovex Fruit Co.*, 190 Wash.2d 612 (2018) ("*Carranza*"), the Washington Supreme Court "held that employers who pay agricultural workers on a piece-rate basis must compensate the workers on a separate hourly basis for time spent performing activities that are outside the scope of the piece rate picking work" and that "Defendant's piece-rate compensation system is virtually indistinguishable from the piece rate scheme in *Carranza*" [Dkt. #1-1, ¶ 12];

---

STIPULATED MOTION AND ORDER STAYING
CASE - 2
CASE NO. 3:18-cv-05909-RBL

MILLS MEYERS SWARTLING P.S.
1000 Second Avenue, 30th Floor
Seattle, Washington 98104-1064
T. (206) 382-1000 | F. (206) 386-7343

**WHEREAS**, based upon Plaintiff's interpretation of *Carranza*, the Complaint asserts two causes of action for (1) Violations of RCW 49.46.020, 090 for Failure to Pay Minimum Wage for All Hours Worked, and (2) Double Damages for Willful and Intentional Withholding of Wages Pursuant to RCW 49.52.050, 070 Flowing from Cause of Action One [*id.*, ¶¶ 24-30];

**WHEREAS**, in support of his First Cause of Action, Plaintiff alleges that "Defendant paid its truck drivers on a piece-rate scheme under which it did not compensate truck drivers for non-driving tasks as required under Washington law," including, but not limited to, "pre-and post-trip inspections, detention time, and fueling," and asserts that "Plaintiff seeks relief on a class-wide basis for unpaid wages for non-driving tasks…." [*id.*, ¶¶ 2-3, 11-12, 27];

**WHEREAS**, in *Sampson v. Knight Transportation, Inc.*, 2018 WL 2984825, at *8 (W.D. Wash. June 14, 2018) (Coughenour, J.) ("*Sampson*"), currently pending in this District, the plaintiffs similarly contend that the defendant's piece-rate compensation scheme violates Washington's Minimum Wage Act (the "MWA") because "drivers are not paid minimum wage for the time they spend conducting pre-trip inspections, completing paperwork, loading and unloading the truck, and refueling";

**WHEREAS**, in *Sampson*, 2018 WL 2984825, at *9, the Court recognized that "[c]ourts in this district … have previously held that Plaintiffs' on-duty, not driving claim are not cognizable under Washington law," but it reasoned that "these prior holdings are called into question by the Washington Supreme Court's recent ruling in [*Carranza*]," on the grounds that the Washington Supreme Court's "interpretation of the MWA would seem to apply to all employers," not just agricultural workers;

**WHEREAS**, the district court in *Sampson* "conclude[d] that the law underlying Plaintiffs' on-duty, not driving claim is not clearly determined, and that the Washington Supreme Court is in a better position than this Court to answer this question," *see id.*, and therefore certified the following question to the Washington Supreme Court: "Does the Washington Minimum Wage Act require non-agricultural employers to pay their piece-rate employees per hour for time spent performing activities outside of piece-rate work?";

STIPULATED MOTION AND ORDER STAYING
CASE - 3
CASE NO. 3:18-cv-05909-RBL

MILLS MEYERS SWARTLING P.S.
1000 Second Avenue, 30th Floor
Seattle, Washington 98104-1064
T. (206) 382-1000 | F. (206) 386-7343

**WHEREAS**, the parties agree that the Washington Supreme Court's resolution of the question certified in *Sampson* could directly impact the disposition of Plaintiff's claims asserted in this action, which assert an on-duty, not driving time unpaid wages claim similar to that asserted by the plaintiffs in *Sampson*; and

**WHEREAS**, the parties' agree that a stay of this case pending the Washington Supreme Court's resolution of the certified question in *Sampson v. Knight Transportation, Inc.* (Wash. S.Ct. Case No. 96264-2), which could bear directly upon Plaintiff's putative "on-duty, not driving" time unpaid wages claims in this action, would be prudent and efficient for both the Court and the parties.

## STIPULATION

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between Plaintiff, on the one hand, and Defendants, on the other hand, by and through their respective undersigned counsel, and subject to the Court's approval, that:

1.      This Court has subject matter jurisdiction over this action under CAFA;

2.      It is irrevocably agreed that the putative class and limitations periods applicable to Plaintiff's individual and putative class action claims that are or may be asserted in this action, for all purposes including discovery and should class certification be sought, will commence no earlier than on January 1, 2017, immediately after the end of the release period applicable to the *Eilerman* Action settlement, rather than on October 5, 2015 as alleged in Plaintiff's Complaint [*see* Dkt. #1-1, ¶ 15];

3.      The dates set forth in the Court's Order Regarding Initial Disclosures, Joint Status Report, and Early Settlement (Dkt. #7) and all other deadlines currently set in this action be vacated, including without limitation Plaintiff's deadline to move for class certification under LCR 23(i)(3);

4.      This action be stayed, in its entirety and for all purposes, pending the Washington Supreme Court's decision on the certified question in *Sampson v. Knight Transportation, Inc.*, Wash. S.Ct. Case No. 96264-2;

5.      Within fourteen (14) days of the Washington Supreme Court's decision in *Sampson*, the parties shall file a joint status report with the Court that (1) informs the Court regarding the Washington Supreme Court's Decision and (2) provides the Court with agreed-upon and/or proposed

STIPULATED MOTION AND ORDER STAYING
CASE - 4
CASE NO. 3:18-cv-05909-RBL

MILLS MEYERS SWARTLING P.S.
1000 Second Avenue, 30th Floor
Seattle, Washington 98104-1064
T. (206) 382-1000 | F. (206) 386-7343

deadlines for [a] Plaintiff's deadline to move for class certification under Fed. R. Civ. P. 23 and [b] the dates for initial disclosures and submission of the parties' Joint Status Report and Discovery Plan; and

6.   Unless otherwise ordered by the Court in response to the parties' joint status report as referenced above, Plaintiff's presumptive deadline under LCR 23(i)(3) to move for class certification will commence running upon the Court lifting the stay of this action.


DATED:  November 16, 2018                    Respectfully submitted,

*/s/ India Lin Bodien*                            */s/ Kasey D. Huebner*
_____     _____
**Via electronic approval 11/16/18**         Kasey D. Huebner, WSBA #32890
India Lin Bodien, WSBA #44898              MILLS MEYERS SWARTLING
Law Offices of India Bodien, Esq.            1000 2nd Avenue, 30th Floor
2522 North Proctor Street, #387              Seattle, WA  98104
Tacoma, WA 98406-5338                      Phone:  206.382.1000
Tel:   (253) 212-7913                        Fax:    206.386.7343
Email: india@indialinbodienlaw.com          Email:   khuebner@millsmeyers.com

Craig J. Ackermann, WSBA #53330          Matthew C. Kane, *pro hac vice forthcoming*
Brian Denlinger, WSBA #53177             Amy E. Beverlin, *pro hac vice forthcoming*
ACKERMANN & TILAJEF, P.C.               MCGUIREWOODS LLP
1180 South Beverly Drive, Suite 610          1800 Century Park East, 8th Floor
Los Angeles, California 90035               Los Angeles, CA 90067
Phone: (310) 277-0614                      Phone:  310.315.8200
Fax:    (310) 277-0635                      Fax:    310.315.8210
Email: cja@ackermanntilajef.com            Email:  mkane@mcguirewoods.com
        bd@ackermanntilajef.com                    abeverlin@mcguirewoods.com

Julian Hammond, WSBA #52096            **Attorneys for Defendant MCLANE**
HAMMOND LAW, P.C.                      **COMPANY, INC. dba MCLANE**
1829 Reisterstown Rd. Suite 410              **NORTHWEST**
Baltimore, MD 21208
Tel:   (310) 601-6766
Email: jhammond@hammondlawpc.com

**Attorneys for Plaintiff RAUL**
**VIRAMONTES**

# ORDER

This matter came before the Court on the parties' Stipulation Staying Case Pending Ruling from Washington Supreme Court in *Sampson v. Knight Transportation, Inc.* (the "Stipulation"). The Court, having reviewed the Stipulation, and good cause appearing for the relief jointly sought therein, hereby orders as follows:

1.      This Court has subject matter jurisdiction over this action under the Class Action Fairness Action ("CAFA");

2.      In accordance with the parties' irrevocable agreement set forth in the Stipulation, the putative class and limitations periods applicable to Plaintiff's individual and putative class action claims that are or may be asserted in this action, for all purposes including discovery and should class certification be sought, will commence no earlier than on January 1, 2017, immediately after the end of the release period applicable to the approved class action settlement in *Eilerman v. McLane Company, Inc. dba McLane/Northwest*, W.D. Wash. Case. No. 3:16-cv-05303-BHS (the "*Eilerman* Action"), rather than on October 5, 2015 as alleged in Plaintiff's Complaint [*see* Dkt. #1-1, ¶ 15];

3.      The dates set forth in the Court's Order Regarding Initial Disclosures, Joint Status Report, and Early Settlement (Dkt. #7) and all other deadlines currently set in this action shall be and hereby are vacated, including without limitation Plaintiff's deadline to move for class certification under LCR 23(i)(3);

4.      This action shall be and hereby is stayed, in its entirety and for all purposes, pending the Washington Supreme Court's decision on the certified question in *Sampson v. Knight Transportation, Inc.*, Wash. S.Ct. Case No. 96264-2;

5.      Within fourteen (14) days of the Washington Supreme Court's decision in *Sampson*, the parties shall file a joint status report with the Court that (1) informs the Court regarding the Washington Supreme Court's Decision and (2) provides the Court with agreed-upon and/or proposed deadlines for [a] Plaintiff's deadline to move for class certification under Fed. R. Civ. P. 23 and [b] the dates for initial disclosures and submission of the parties' Joint Status Report and Discovery Plan; and

STIPULATED MOTION AND ORDER STAYING
CASE - 6
CASE NO. 3:18-cv-05909-RBL

MILLS MEYERS SWARTLING P.S.
1000 Second Avenue, 30th Floor
Seattle, Washington 98104-1064
T. (206) 382-1000 | F. (206) 386-7343

6.     Unless otherwise ordered by the Court in response to the parties' joint status report as referenced above, Plaintiff's presumptive deadline under LCR 23(i)(3) to move for class certification will commence running upon the Court lifting the stay of this action.

**IT IS SO ORDERED.**

DATED this 27th day of November, 2018.


Ronald B. Leighton
United States District Judge

STIPULATED MOTION AND ORDER STAYING
CASE - 7
CASE NO. 3:18-cv-05909-RBL

MILLS MEYERS SWARTLING P.S.
1000 Second Avenue, 30th Floor
Seattle, Washington 98104-1064
T. (206) 382-1000 | F. (206) 386-7343